IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEAN PARSONS : CA 02-3276
: Bankruptcy No. 01-20543
    vs. : Adversary No. 01-2098
:
HUSKIE PORTFOLIO LLC and :
FREDERICK L. REIGLE, TRUSTEE :

APPELLEE'S BRIEF IN OPPOSITION TO HUSKIE PORTFOLIO, LLC'S
APPEAL FROM BANKRUPTCY COURT ORDER DATED APRIL 23, 2002

*BRIEF OF THE APPELLEE*

Dexter K. Case, Esquire
THE LAW FIRM OF DEXTER K. CASE, P.C.
541 Court Street
Reading PA 19601

```
                              610-372-5469 fax
                              Attorney for Appellee
```

**TABLE OF CONTENTS**

Table of Contents . . . . . . . . . . . . . . . . . . . (i)

Table of Authorities  . . . . . . . . . . . . . . . . . (ii)

Jurisdiction and Standard of Review . . . . . . . . . . 1

Counter-Statement of Issues . . . . . . . . . . . . . . 2

Statement of Facts  . . . . . . . . . . . . . . . . . . 3

Argument  . . . . . . . . . . . . . . . . . . . . . . . 4,5,6

Conclusion  . . . . . . . . . . . . . . . . . . . . . . 7

**TABLE OF AUTHORITIES**

**Cases:**

*DiPierro v. Taddeo (In re Taddeo)*
685 F.2d 24, 26-27 (2ndCir. 1982) . . . . . . . . . . . . . . 5

*In re Cook,*
172 B.R. 292, 293 (Bankr.W.D.Mo. 1994) . . . . . . . . . . . 5

*In re Next Wave Personal Communications, Inc.,*
244 B.R. 253, 268 (Bankr.S.D.N.Y. 2000) . . . . . . . . . . 5

*In re Roach*
824 F.2d 1370, 1373 (3rdCir. 1987) . . . . . . . . . . . . . 5

**Statutes:**

11 U.S.C. § 1322(b)(5) . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1334 . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 157(b)(2)(B)(K)(O) . . . . . . . . . . . . . . . 1

28 U.S.C. § 158(a) . . . . . . . . . . . . . . . . . . . . 3,4

**Rules:**

B.R. 3007 . . . . . . . . . . . . . . . . . . . . . . . . . 1

B.R. 7001 . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Articles:**

Bankruptcy Service, L.Ed,
Code Commentary and Analysis § 49:165 (Installment Cure) . . 5

*(ii)*

## Jurisdiction and Standard of Review

This adversary proceeding was instituted by the debtor pursuant to Bankruptcy Rules 3007 and 7001 objecting to the proof of claim filed by Huskie Portfolio LLC ("Huskie") and seeking to determine the extent and validity of Huskie's lien against debtor's real estate. The bankruptcy court had jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and this is a core proceeding under 28 U.S.C. § 157(b)(2)(B)(K) and (O).

The District Court has jurisdiction over appeals from orders of bankruptcy courts. 28 U.S.C. § 158(a). Final orders may be appealed as of right and review of legal issues is de novo.

## Counter-Statement of Issue

Whether debtor's default under the Forbearance Agreement which triggered an acceleration of the original terms and conditions of the loan can be cured pursuant to 11 U.S.C. § 1322(b)(5) thereby decelerating or reinstating the terms of the Forbearance Agreement?

*Suggested answer:*  Yes

**Statement of Facts**

The parties have stipulated to the following facts in this case. *See,* Stipulation of Facts and Record with Proposed Briefing Schedule, filed December 17, 2001.

Huskie has filed a proof of claim for a secured claim in the amount of $213,337.38. *See,* Exhibit A to plaintiff's complaint.

Huskie's claim is secured by debtor's real estate located at 1428 Windsor Castle Road, Hamburg, Pennsylvania 19526, by reason of a certain judgment in the amount of $484,887.06 dated January 15, 1993.

Huskie's judgment was modified by a Forbearance Agreement dated July 3, 1997. *See,* Exhibit B to plaintiff's complaint.

Said agreement provides, inter alia, that Huskie will discount the balance of its note to the sum of $20,000 and that such balance shall be paid in monthly installments of $259.34 beginning September 1, 1999, with the entire remaining balance due on August 30, 2007.

Debtor is in default of said agreement because debtor has failed to make any prepetition payments under the agreement other than an initial payment in the amount of $500 in April of 1999.

Debtor's chapter 13 plan proposes to cure debtor's default under the Forbearance Agreement pursuant to 11 U.S.C. § 1322(b)(5) by paying the arrearage owed to Huskie in full under the plan and by resuming regular monthly payments outside of the plan.

Debtor has tendered the post-petition payments to Huskie, but Huskie has refused to accept the payments which are now being held in escrow by debtor's attorney.

The hearing on confirmation of the debtor's chapter 13 plan has been continued pending resolution of the adversary proceeding.

**Argument**

The debtor's chapter 13 plan proposes to cure the debtor's default in a certain forbearance agreement ("Forbearance Agreement") pursuant to 11 U.S.C. § 1322(b)(5) by paying the arrearage owed to Huskie in full under the plan and by resuming regular monthly payments outside of the plan. Huskie argues that this is not permissible because its claim is secured by a judgment lien. However, since § 1322(b)(5) specifically includes both unsecured and secured claims, the fact that the claim is secured by a judgment does not prohibit the debtor from curing the default.

Section 1322(b)(5) of the Bankruptcy Code provides that a chapter 13 plan may

> (5) . . . provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due;

11 U.S.C. § 1322

The Forbearance Agreement states that "[i]n the Event of Default hereunder, all sums due and owing pursuant to the original terms and conditions of the Loan Documents and the Judgments shall be due and payable in full." (Plaintiff's Complaint, Ex. B, p.5). Huskie argues that this provision of the Forbearance Agreement prevents the debtor from curing the default and continuing to make the payments pursuant to the Forbearance Agreement because the full original amount is now owed. This is similar to the arguments raised by mortgagees who have accelerated their indebtedness and obtained a foreclosure judgment for the full

balance of their loans. These arguments have been routinely rejected and it is well settled that defaults leading to acceleration can be cured. *In re Roach, 824 F.2d 1370, 1373* (3rdCir. 1987) (Thus far, each court of appeals that has decided whether a home mortgage default may be cured after contractual acceleration of the full mortgage debt has provided an affirmative answer) (cites omitted).

It is also well settled that "[c]uring a default commonly means taking care of the triggering event and returning to pre-default conditions. The consequences are thus nullified." *DiPierro v. Taddeo (In re Taddeo)*, 685 F.2d 24, 26-27 (2ndCir. 1982). "[T]he concept of 'cure' and/or reinstatement appears throughout the Bankruptcy Code and is globally intended to permit a debtor to put the debt in question back on track and effect a reorganization." *In re Next Wave Personal Communications, Inc.*, 244 B.R. 253, 268 (Bankr.S.D.N.Y. 2000)(also citing *Taddeo* and reviewing the legislative history behind the comparable chapter 11 cure provisions). *See also, In re Cook,* 172 B.R. 292 (Bankr.W.D.Mo. 1994).

In *Cook*, on facts remarkably similar to this case, the bankruptcy court sustained the debtor's objection to the creditor's claim which was based on the original promissory note without modification, and permitted the debtors to cure the default in their chapter 13 plan. *In re Cook*, 172 B.R. 292, 293 (Bankr.W.D.Mo. 1994). *See also,* Bankruptcy Service, L.Ed, Code Commentary and Analysis § 49:165 (Installment Cure).

The debtor has proposed a chapter 13 plan that cures the pre-

petition arrearage under the Forbearance Agreement in the plan and resumes regular monthly payments. We have not discussed the factual history of the Forbearance Agreement, nor the facts surrounding the debtor's default. Neither have we looked at how Huskie came into possession of the original Meridian Bank agreement. None of these things is relevant. The fact is that the debtor is in default under a very favorable agreement, which but for the reorganization provisions of the Bankruptcy Code would have a significant and likely devastating effect on the debtor.

The concept of curing defaults and thereby negating the contractual and state law consequences of the debtor's default is fundamental to Federal Bankruptcy Law. The fact that, as here, the consequences are dramatic makes it no less so. The consequences are often dramatic and it is these consequences that fuel the reorganization provisions of the Bankruptcy Code.

## **Conclusion**

For the reasons stated above, the debtor should be permitted to cure the default under the Forbearance Agreement as proposed in his chapter 13 plan and debtor's objection to the Huskie Portfolio LLC proof of claim should be sustained.

                                    Respectfully submitted,

                                    *The Law Firm of Dexter K. Case*

June 24, 2002                   By:
                                      Dexter K. Case, Esquire

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

DEAN PARSONS                          : CA 02-3276
                                      : Bankruptcy No. 01-20543
     vs.                              : Adversary No. 01-2098
                                      :
HUSKIE PORTFOLIO LLC and              :
FREDERICK L. REIGLE, TRUSTEE          :

### CERTIFICATE OF SERVICE

I, Dexter K. Case, Esquire, attorney for appellee, hereby certify that I served a true and correct copy of the **Appellee's Brief in Opposition to Huskie Portfolio LLC's Appeal from Bankruptcy Court Order Dated April 23, 2002,** filed in the above matter, to the interested parties listed below, by first-class mail, this 24th day of June, 2002.

*The Law Firm of Dexter K. Case*

By:
Dexter K. Case, Esquire
541 Court Street
Reading PA 19601
610-372-9900
610-372-5469 fax
Attorney ID #52815
Attorney for Debtor

**Interested Parties:**

*Mr. Dean Parsons*
*1428 Windsor Castle Road*
*Hamburg PA 19526*

*Anthony P. Tabasso, Esquire*
*KLEHR HARRISON HARVEY BRANZBURG & ELLERS LLP*
*260 South Broad Street*
*Philadelphia PA 19102*

*Frederick L. Reigle, Esquire*
*Standing Chapter 13 Trustee*
*P.O. Box 4010*
*Reading PA 19606*

*Frederic R. Baker, Esquire*
*Assistant U.S. Trustee*
*Curtis Center Bldg., Ste. 950W*
*601 Walnut St.*
*Philadelphia PA 19106*