IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DEAN PARSONS            :      CIVIL ACTION
                               :
                               :
                               :      NO. 02-3276
                               :      (BANKRUPTCY NO. 01-20543)

**MEMORANDUM AND ORDER**

HUTTON, J.                                        September 4, 2002

Presently before the Court are the Brief of Appellant Huskie Portfolio, LLC in Appeal from Bankruptcy Court Order dated April 23, 2002 (Docket No. 3), the Brief of Appellee Dean Parsons in Opposition to Huskie Portfolio, LLC's Appeal from Bankruptcy Court Order dated April 23, 2002 (Docket No. 4) and the Reply Brief of the Appellant (Docket No. 5).  For the reasons stated below, the Order and Opinion of the Bankruptcy Court dated April 23, 2002 is **AFFIRMED**.

### I. BACKGROUND

This is an appeal from an order of the bankruptcy court dated April 23, 2002.  Appellee Dean Parsons ("Parsons") is the debtor in the underlying Chapter 13 bankruptcy case.  Appellant Huskie Portfolio, LLC ("Huskie") filed a proof of claim in the amount of $213,337.38, which is secured by Parsons' real estate located at 1428 Windsor Castle Road, Hamburg, Pennsylvania 19526.  See Parsons v. Huskie Portfolio, LLC, Case No. 01-20543, at 2 n.1 (Bankr. E.D.

Pa., April 23, 2002). Huskie's claim arose from a judgment entered in the Court of Common Pleas of Berks County, Pennsylvania on January 15, 1993 against Parsons in the amount of $484,887.06. See id. On July 3, 1997, Parsons entered into a Forbearance Agreement ("Agreement") with Huskie's predecessor in interest, CoreStates Bank. Under the terms of the Agreement, Huskie was to "discount the balance of its note to the sum of $20,000.00" and Parsons was to pay this balance "in monthly installments of $259.34 beginning September 1, 1999 with the entire remaining balance due on August 30, 2007." Id. Parsons made the initial payment under the Agreement of $500.00 in April of 1999, but then defaulted by failing to make any additional payments. See id.

The Forbearance Agreement contained a provision that detailed the results of a breach by Parsons. Specifically, the Forbearance Agreement provided:

> In the Event of a Default hereunder, all sums due and owing pursuant to the original terms and conditions of the Loan Documents and the Judgments shall be due and payable in full.

See Pl.'s Compl., Ex. 5, Forbearance Agreement, at 3.3(b). Huskie did not take action against Parsons as a result of his breach of the Agreement. Parsons filed a Chapter 13 petition and plan on February 6, 2001. Huskie then filed a timely proof of claim in the amount of $213,337.38. On April 26, 2001, Parsons filed an adversary complaint in bankruptcy court objecting to Huskie's proof of claim. Parsons proposed to cure the arrearage through his

Chapter 13 plan pursuant to 11 U.S.C. § 1322(b)(5) by making payments under the Forbearance Agreement. After briefing by the parties, the bankruptcy court sustained Parsons's objection and found that "11 U.S.C. § 1322(b)(5) permits Debtor to cure his default under the parties' Forbearance Agreement . . .." Id. The Court further concluded that the Forbearance Agreement would be reinstated and Parsons should pay "the arrearage owed to Huskie under the Forbearance Agreement under his chapter 13 plan and resum[e] the regular payments owed to Huskie thereunder outside of the plan." Id. Huskie then field the instant appeal of the bankruptcy court's decision with this Court.

## II. **STANDARD OF REVIEW**

Under 28 U.S.C. § 158(a), this Court has jurisdiction to adjudicate appeals from final judgments, orders and decrees of bankruptcy judges. Pursuant to Federal Rule of Bankruptcy Procedure 8013, the Court "may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. Sitting as an appellate tribunal, the district court applies a clearly erroneous standard to review the bankruptcy court's factual findings and a de novo standard to review its conclusions of law. See In re Siciliano, 13 F.3d 748, 750 (3d Cir. 1994). Mixed questions of fact and law require a mixed standard of review, under which the court reviews findings of historical or narrative fact

for clear error but exercises plenary review over the bankruptcy court's "choice and interpretation of legal precepts and its application of those precepts to the historical facts." Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (quotation omitted), cert. denied, Committee of Unsecured Creditors v. Mellon Bank, N.A., 503 U.S. 937, 112 S.Ct. 1476, 117 L.Ed.2d 620 (1992); see also Chemetron Corp. v. Jones, 72 F.3d 341, 345 (3d Cir. 1995), cert. denied, 517 U.S. 1137, 116 S.Ct. 1424, 134 L.Ed.2d 548 (1996).

In the instant case, the bankruptcy court's order entering judgment in favor of Parsons was a legal determination which will be reviewed under the de novo standard. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). The Court, however, will defer to the bankruptcy court's findings of fact unless "the court is left with the definite and firm conviction that a mistake has been committed." Brager v. Blum, 49 B.R. 626 (E.D. Pa. 1985).

### III.   DISCUSSION

In the underlying bankruptcy case, Parsons proposes to cure the arrearage owed Huskie through his Chapter 13 plan pursuant to 11 U.S.C. § 1322(b)(5) by making payments under the Forbearance Agreement. Parsons does not dispute that he defaulted under the terms of the Forbearance Agreement by failing to make any payments other than an initial payment of $500.00 in April of 1999. See

Parsons v. Huskie Portfolio, LLC, Case No. 01-20543, at 2 n.1 (Bankr. E.D. Pa., April 23, 2002). Nor does Huskie dispute that Parsons has the right to cure the default under his Chapter 13 plan. Rather, the contested issue in this case surrounds the appropriate amount of Huskie's claim that is to be cured.

**A.  Chapter 13**

"In a chapter 13 case, the debtor may propose a plan of reorganization that attempts to modify the rights of a secured creditor under [section] 1322(b)(2) or the debtor may propose a plan to cure any defaults and maintain payments pursuant to the original agreement between the parties in accordance with [section] 1322(b)(5) of the Code." In re Hussain, 250 B.R. 502, 506 (Bankr. D.N.J. 2000). Section 1322(b)(2) provides that a Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is Parsons's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims." 11 U.S.C. § 1322(b)(2).

Notwithstanding section 1322(b)(2), section 1322(b)(5) states that a plan may "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due." 11 U.S.C. § 1322(b)(5); see also Rake v. Wade, 508 U.S. 464, 468-69, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993).

Accordingly, "[s]ection 1322(b)(5) expressly authorizes debtors to cure any defaults on a long-term debt, such as a mortgage, and to maintain payments on the debt during the life of the plan."  Rake, 508 U.S. at 468-69.  In 1994, Congress amended 1322 pursuant to the Bankruptcy Reform Act of 1994 by adding subsection (c)(1). See In re Townsville, 268 B.R. 95, 115 (Bankr. E.D. Pa., Oct. 3, 2001). Section 1322(c)(1) provides:

> Notwithstanding subsection (b)(2) and applicable nonbankruptcy law --
> (1) a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (2) or (5) of subsection (b) until such residence is sold at foreclosure sale that is conducted in accordance with applicable nonbankruptcy law[.]

11 U.S.C. § 1322(c)(1).

### B.  Debtor's Right to Cure Under 11 U.S.C. § 1322(b)(5)

Huskie contends that, since Parsons breached the Forbearance Agreement, Huskie is entitled to the sum remaining under the original loan agreement.  According to Huskie, "[t]he cure appropriate in the instant case is to allow the debtor the opportunity to repay the secured amount due, $213,337.38, over the life of his chapter 13 plan . . .."  Appellant's Brief at 14. Parsons, on the other hand, contends that the appropriate "cure" is to reinstate the terms of the Forbearance Agreement, thus returning the debtor to his pre-default condition.  See Appellee's Brief at 4-5.  The bankruptcy court agreed with Parsons and found that Parsons was entitled to cure his default under the parties'

Forbearance Agreement.  See Parsons v. Huskie Portfolio, LLC, Case No. 01-20543, at 2 n.1 (Bankr. E.D. Pa., April 23, 2002).  This Court agrees with the bankruptcy court and therefore affirms the court's decision to permit the debtor to cure pursuant to his Chapter 13 plan the arrearage owed to Huskie under the Forbearance Agreement.

Although the concept of "cure" used throughout the Bankruptcy Code, the Code does not define "cure."  One of the leading cases interpreting the concept of cure is In re Taddeo, 685 F.2d 24 (2d Cir. 1982).  In Taddeo, the court held that de-acceleration of a defaulted secured debt ensued upon cure under section 1322 although the remedy was not specifically referenced in the statute. The court reasoned:

> the power to cure must comprehend the power to "de-accelerate." This follows from the concept of "curing a default." A default is an event in the debtor-creditor relationship which triggers certain consequences--here, acceleration. Curing a default commonly means taking care of the triggering event and returning to pre-default conditions. The consequences are thus nullified. This is the concept of "cure" used throughout the Bankruptcy Code.

In re Taddeo, 685 F.2d at 26-27; see also In re Liberty Warehouse Assoc. Ltd. P'ship., 220 B.R. 546, 548 (Bankr. S.D.N.Y. 1998).  In other words, "[t]he 'cure,' although not defined, is 'reversal' of the event that triggered the default and a return to a pre-default status quo."  See In re NextWave Personal Communications, Inc., 244 B.R. 253, 267 (Bankr. S.D.N.Y. 2000).

In the instant case, the debtor defaulted on the Forbearance

Agreement. Huskie took no action as a result of this default. Parsons then filed his petition for bankruptcy. Under section 1322(b)(5) of the Bankruptcy Code, Parsons is permitted to cure this default. See 11 U.S.C. § 1322(b)(5). As discussed above, "curing" means returning the debtor to pre-default conditions which, in this case, is the rendering of monthly payments under the Forbearance Agreement. Therefore, in order to nullify the consequences of default in the instant case, the parties must be returned to respective situations under the Forbearance Agreement before Parsons' breach.

Huskie notes that Article III of the Forbearance Agreement indicates that the Agreement is "not to be construed as a novation of the original note." See Pl.'s Compl., Ex. 5, Forbearance Agreement, at 3.3(b). This sentence, however, "implies that the forbearance agreement is a contract which is separate and independently enforceable from the mortgage." 188 B.R. 191, 193 (Bankr. D.S.C. 1995). Moreover, it is well established that "although a debtor's personal liability on an underlying debt may be discharged in bankruptcy, the lien created prior to the bankruptcy to secure the debt will survive the bankruptcy discharge and may be enforced by the creditor either following relief from the automatic stay while the bankruptcy case is still pending and the stay is in place or after the bankruptcy case is closed." In re Geiger, 260 B.R. 83, 86 (Bankr. E.D. Pa. 2001).

The decision to return the parties to their pre-default

-8-

conditions does not have the effect of suspending or annulling the state court judgment. Rather, the state court judgment in the instant case was amended by Forbearance Agreement. On appeal, this Court must defer to the findings of fact of the bankruptcy court unless "the court is left with the definite and firm conviction that a mistake has been committed." Brager v. Blum, 49 B.R. 626 (E.D. Pa. 1985). Here, the bankruptcy court determined that Huskie stipulated to the fact that the Forbearance Agreement modified the judgment dated January 15, 1993. See Parsons v. Huskie Portfolio, LLC, Case No. 01-20543, at 2 n.1 (Bankr. E.D. Pa., April 23, 2002). Because this Court cannot say with a "definite and firm conviction" that this determination was in error, the Court must accept this as fact.

For the foregoing reasons, the Court finds that the bankruptcy court did not commit error when it sustained Parsons's objection to Huskie's proof of claim and found that 11 U.S.C. §1322(b)(5) permits Debtor to cure his default under the parties' Forbearance Agreement.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DEAN PARSONS | : | CIVIL ACTION |
| | : | |
| | : | |
| | : | NO. 02-3276 |
| | : | (BANKRUPTCY NO. 01-20543) |

**O R D E R**

AND NOW, this 4th day of September, 2002, upon consideration of the Brief of Appellant Huskie Portfolio, LLC in Appeal from Bankruptcy Court Order dated April 23, 2002 (Docket No. 3), the Brief of Appellee Dean Parsons in Opposition to Huskie Portfolio, LLC's Appeal from Bankruptcy Court Order dated April 23, 2002 (Docket No. 4) and the Reply Brief of the Appellant (Docket No. 5), IT IS HEREBY ORDERED that the Order and Opinion of the Bankruptcy Court dated April 23, 2002 is **AFFIRMED**; and

IT IS HEREBY FURTHER ORDERED that this matter is **REMANDED** to the Bankruptcy Court for further proceedings.

BY THE COURT:

_____
HERBERT J. HUTTON, J.